Judge Lasnik

03-CR-00169-MISC

FILED —— ENTERED
LODGED —— RECEIVED

JUL 3 1 2003

CLERK U.S. DISTRICT COURT AT SEATTLE
WESTERN DISTRICT OF WASHINGTON
BY                                      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,           )
                                    )   NO.   CR03-169L
            Plaintiff,              )
                                    )
        v.                          )   PLEA AGREEMENT
                                    )
MATTHEW STAFFORD,                   )
                                    )
            Defendant.              )
_____)

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, and Michael J. Lang, Assistant United States Attorney for said District, and the defendant, Matthew Stafford, and his attorney, Mike Nance, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(a)(2):

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charges contained in the Indictment. By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document.

    a. Unlawful Possession of a Firearm, as charged in Count 1, in violation of Title 18, United States Code, Section 922(g)(9);

    b. Unlawful Possession of a Firearm, as charged in Count 2, in violation of Title 18, United States Code, Section 922(g)(3)

Defendant further understands that before entering his/her plea of guilty,

PLEA AGREEMENT/
(Stafford, CR03-169L) - 1

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the government in a prosecution for perjury or false statement.

2. <u>Elements of the Offenses</u>. The elements of the offense of Unlawful Possession of Firearm, as charged in Count One, in violation of Title 18, United States Code, Section 922(g)(9), are as follows:

First, the defendant knowingly possessed an AR-15 semi-automatic assault rifle, serial number SP118089, and an AR-15 semi-automatic assault rifle, serial number MH068969, 9 millimeter ammunition, and .223 caliber ammunition;

Second, the firearms and ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearms and ammunition, the defendant had been convicted of a misdemeanor crime of domestic violence;

The elements of the offense of Unlawful Possession of Firearm, as charged in Count Two, in violation of Title 18, United States Code, Section 922(g)(3), are as follows:

First, the defendant knowingly possessed an AR-15 semi-automatic assault rifle, serial number SP118089, and an AR-15 semi-automatic assault rifle, serial number MH068969, 9 millimeter ammunition, and .223 caliber ammunition;

Second, the firearms and ammunition had been shipped or transported from one state to another; and

Third, at the time the defendant possessed the firearms and ammunition, the defendant was an unlawful user of or person addicted to any controlled substance as defined in Title 21, United States Code, Section 802.

3. <u>The Penalties</u>. Defendant understands that the statutory penalties for the offense of Unlawful Possession of a Firearm, as charged in Counts One and Two, are as follows:

<u>Counts 1 and 2</u>: as to each count, imprisonment for up to ten (10) years, a fine of up to two hundred fifty thousand dollars ($250,000.00), a period of supervision

PLEA AGREEMENT/
(Stafford, CR03-169L) - 2

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

following release from prison of up to three (3) years, and a one hundred dollar ($100.00) penalty assessment. Defendant agrees that the penalty assessment shall be paid at or before the time of sentencing.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. <u>Rights Waived by Pleading Guilty</u>. Defendant understands that, by pleading guilty, he knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty, and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such

PLEA AGREEMENT/
(Stafford, CR03-169L) - 3

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

silence could not be used against Defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings, subject to the terms of paragraph 12.

5. <u>Applicability of Sentencing Guidelines</u>.  Defendant understands and acknowledges the following:

  a. The United States Sentencing Guidelines, promulgated by the United States Sentencing Commission, are applicable to this case;

  b. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

  c. The Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable Sentencing Guidelines range up to the maximum term authorized by law;

  d. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

  e. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. <u>Ultimate Sentence</u>.  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. <u>Acceptance of Responsibility</u>.

The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a) and if the offense level is sixteen (16) or greater, Defendant's total offense level should be decreased by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the authorities of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

8. <u>Statement of Facts</u>.  The parties agree on the following facts in support of

PLEA AGREEMENT/
(Stafford, CR03-169L) - 4

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1 Defendant's guilty plea and for purposes of calculating the base offense level of the
2 Sentencing Guidelines. Defendant admits he is guilty of the charged offenses.
3   On January 22, 2003, in Snohomish County, within the Western District of
4 Washington, MATTHEW STAFFORD possessed the following firearms: an AR-15
5 semi-automatic assault rifle, serial number MH068969; an AR-15 semi-automatic assault
6 rifle, serial number SP118089; 9 millimeter ammunition; and .223 caliber ammunition.
7 MATTHEW STAFFORD possessed these firearms having previously been convicted on
8 October 9, 2001, of a misdemeanor crime of domestic violence, that is, Domestic
9 Battery, in the Justice Court of Reno Township, Washoe County, Nevada, court case
10 number RCR 2001-004897. At the time he possessed these firearms, he was an
11 unlawful user of heroin, *and* cocaine, ~~and methamphetamine~~, and he was addicted to
12 heroin.
13   9. <u>Non-Prosecution of Additional Offenses</u>. As part of this Plea Agreement,
14 the United States Attorney's Office for the Western District of Washington agrees not to
15 prosecute Defendant for any additional offenses known to it as of the time of this
16 Agreement that are based upon evidence in its possession at this time, or that arise out
17 of the conduct giving rise to this investigation. In this regard, Defendant recognizes that
18 the United States has agreed not to prosecute all of the criminal charges that the
19 evidence establishes were committed by Defendant solely because of the promises made
20 by Defendant in this Agreement. Defendant acknowledges and agrees, however, that
21 for purposes of preparing the Presentence Report, the United States Attorney's Office
22 will provide the United States Probation Office with evidence of all relevant conduct
23 committed by Defendant.
24   10. <u>Forfeiture of Contraband</u>. Defendant also agrees that if any firearms or
25 illegal contraband were seized by any law enforcement agency from the possession of
26 Defendant, or that were in the direct or indirect control of Defendant, then he consents
27 to the administrative forfeiture, official use and/or destruction of said firearms or
28 contraband by any law enforcement agency involved in the seizure of these items.

PLEA AGREEMENT/
(Stafford, CR03-169L) - 5

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1     11.    <u>Voluntariness of Plea</u>. Defendant acknowledges that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

    12.    <u>Right to Appeal</u>. In entering his plea of guilty, Defendant expressly reserves the right, pursuant to Fed. R. Crim. P. 11(a)(2), to appeal the Defendant's Motion to Suppress Physical Evidence filed with the United States District Court of the Western District of Washington on June 4, 2003, which was denied by order of the court on July 1, 2003. The government consents to this conditional plea of guilty, and it is agreed between the parties that if Defendant prevails on his appeal of these suppression issues, then he may withdraw his plea of guilty to the Indictment.

    13.    <u>Statute of Limitations</u>. In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

    14.    <u>Post-Plea Conduct</u>. Defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, Defendant should engage in conduct that would warrant an increase in Defendant's adjusted offense level or justify an upward departure under the Sentencing Guidelines (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the United States is free under this Agreement to seek a sentencing enhancement or upward departure based on that conduct.

PLEA AGREEMENT/
(Stafford, CR03-169L) - 6

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

15. <u>Completeness of Agreement</u>. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement only binds the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 31st day of July, 2003.

_____
MATTHEW STAFFORD
Defendant

_____
MIKE NANCE
Attorney for Defendant

_____
SUSAN M. HARRISON
Assistant United States Attorney
WA Bar # 91005
United States Attorney's Office
601 Union Street, Suite 5100
Seattle, WA 98101-3903
Telephone: (206) 553-2687
Fax: (206) 553-0755
E-mail: sue.harrison@usdoj.gov

_____
MIKE LANG
Assistant United States Attorney
WA Bar # 91005
United States Attorney's Office
601 Union Street, Suite 5100
Seattle, WA 98101-3903
Telephone: (206) 553-4432
Fax: (206) 553-0755
E-mail: mike.lang@usdoj.gov

PLEA AGREEMENT/
(Stafford, CR03-169L) - 7

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970